FILED
SUPERIOR COURT
OF GUAM

2020 JUL 15 PM 4: 21

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                Plaintiff,

vs.

BENJAMIN SAN NICOLAS CRUZ JR.,
*aka* Benjamin San Nicolas Cruz

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO.: CF0363-19
(RELATED CRIMINAL CASE NOS.
CM0482-17/CF0230-20)

**DECISION AND ORDER RE:
PEOPLE'S MOTION TO
CONSOLIDATE**

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on the People of Guam's ("People") Motion to Consolidate ("Motion") filed on July 6, 2020. The People of Guam are represented by Assistant Attorney General Steven Haderlie. Benjamin San Nicolas Cruz Jr. ("Defendant") is represented by the Public Defender Service Corporation. Having considered the arguments set forth in the Motion and the applicable law, the Court now issues the following Decision and Order **DENYING** the People's Motion to Consolidate.

### BACKGROUND

On July 6, 2020, the People filed the Motion requesting the Court to consolidate the following cases: CM0482-17, CF0363-19, and CF0230-20.

In CM0482-17, Defendant was charged with Possession of a Controlled Substance in a Drug Free School Zone (As a Misdemeanor) and Possession of Less Than an Ounce of Marijuana (As a Violation). Mag. Compl. (Aug. 14, 2017). According to the Magistrate's

*People of Guam vs. Cruz, Criminal Case No. CF0363-19*
Decision and Order Re. Motion to Consolidate
Page 1 of 4

Complaint, the incident took place on or about February 2, 2017. *Id*. This matter is currently assigned to the Honorable Judge Anita Sukola ("Judge Sukola").

In CF0363-19, which is assigned to this Court, Defendant was charged with Strangulation (As a 3rd Degree Felony), Aggravated Assault (As a 3rd Degree Felony), and Unauthorized Use of a Motor Vehicle (As a Misdemeanor). Indict. (July 5, 2019). According to the Indictment, the incident took place on or about June 24, 2019. *Id*.

In CF0230-20, Defendant was charged with Criminal Mischief (As a 3rd Degree Felony), Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony), Eluding a Police Officer (As a Misdemeanor), and Reckless Driving (As a Petty Misdemeanor). Mag. Compl. (Apr. 29, 2020). According to the Magistrate's Complaint, the incident took place on or about April 25, 2020. *Id*. This matter is also currently assigned to Judge Sukola.

## DISCUSSION

Under Guam law, "[t]he court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such a single indictment or information." 8 GCA § 65.30. In addition, "[t]wo (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based in the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 GCA § 55.35(a).

When determining whether the offenses are properly joined, courts have traditionally considered "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct

*People of Guam vs. Cruz, Criminal Case No. CF0363-19*
Decision and Order Re. Motion to Consolidate
Page 2 of 4

occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of joining offenses is determined solely by the allegations in the indictment." *United States v. Greene*, 52 F.3d 335, *1 (9th Cir. 1995). (citing *United States v. Lane*, 474 U.S. 438, 447 (1986)).

In his Motion, Defendant argues that "[t]he charges are not so dissimilar or so complicated as to justify keeping the cases separate. Consolidating the cases would facilitate their resolution and allow easier tracking of them together. It would also reduce the required court appearances for Defendant and minimize his chances of failing to appear, a significant risk given Defendant's history." Mot. at 3 (Jul. 6, 2020).

The Court finds Defendant fails to sufficiently link the charges in the three (3) matters such that consolidation would be proper pursuant to 8 GCA § 55.35(a). "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law. . . It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Lamb v. Hoffman*, 2008 Guam 2, ¶ 35 (Feb. 18, 2008).

The Court finds further that the People have failed to articulate any justifiable reason why the matters before the separate courts and in particular the instant case charging him with Strangulation (As a 3rd Degree Felony) should be consolidated. Reviewing the magistrate complaints in CM0482-17 and CF0230-20 and the Indictment in CF0363-19, the cases do not share similar victims, locations, or modes of operations. In addition, the charges in the (3) separate matters occurred over a three year span.

*People of Guam vs. Cruz, Criminal Case No. CF0363-19*
Decision and Order Re. Motion to Consolidate
*Page 3 of 4*

Additionally, CM0482-17 involves possession of a controlled substance (marijuana). CF0363-19 involves an offense against a person (aggravated assault) and the unauthorized use of a motor vehicle. Although CF0230-20 and CM0482-17 do share the offense of possession of a controlled substance, CF0230-20 involves a Controlled II Substance (crystal methamphetamine) while CM0482-17 involves a Controlled I Substance (marijuana). CF0230-20 also involves the additional offenses of property damage to the vehicle of another (criminal mischief), eluding a police officer, and reckless driving which are not of the same or similar character to of any of the prior offenses in CM0482-17 and this CF0363-19. As such, the Court holds that consolidation is not appropriate pursuant to 8 GCA § 55.35(a).

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Consolidate.

SO ORDERED THIS _July 15, 2020_ .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

*People of Guam vs. Cruz, Criminal Case No. CF0363-19*
Decision and Order Re. Motion to Consolidate
*Page 4 of 4*